IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

IAN AULDEN CAMPBELL,           )
                               )
            Petitioner,        )
                               )
       v.                      )    1:09CV541
                               )
ALVIN W. KELLER, JR.,          )
                               )
            Respondent.        )

**MEMORANDUM OPINION AND ORDER**

**Auld, Magistrate Judge**

Petitioner is a prisoner of the State of North Carolina serving a sentence of life in prison without the possibility of parole. State v. Campbell, 177 N.C. App. 520, 629 S.E.2d 345 (2006). He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges a prison disciplinary proceeding that occurred on February 23, 2009. (Docket Entry 1.) The parties have consented to disposition of this case by a United States Magistrate Judge. (Docket Entry 20.)

**Facts**

The basic facts behind that proceeding, as reflected by the state court record contained in the "Prison Disciplinary package" (Docket Entry 6, Ex. 4) are as follows:

On February 6, 2009, Officer Troy Hunt conducted a search of the prison maintenance work area at Petitioner's prison, including lockers used by inmates. In one of the lockers, Hunt found matches, a tobacco package, and a cellular telephone in the pocket of Petitioner's winter jacket. The lockers in the maintenance area

did not have locks.  Inmates working in maintenance simply stored their jackets in any available locker.

Prison officials charged Petitioner with possession of tobacco products and possession of a cellular telephone.  He waived his right to 24-hour written notice before a hearing, acknowledged his disciplinary rights, and received the charges on February 19, 2009.  Statements were requested from several officers and inmates.  Three of four inmates who were asked refused to provide statements.  The officers and the inmate that gave a statement generally agreed with the facts set out above.

Petitioner denied possession of the items in his jacket and stated that he believed someone else put them in the jacket pocket.  Prison officials convicted Petitioner of possessing the cellular telephone.  He received a sentence of 60 days of segregation, 40 days of good time credit loss, 50 hours of extra duty, 180 days of suspended telephone and visitation privileges, and 6 months of limited trust account draws.

### Petitioner's Claims

The Petition raises three claims for relief.  First, Petitioner asserts that he was improperly separated from all policy and procedure material and all legal material prior to his disciplinary hearing.  (Docket Entry 1, ¶ 12, at 6.)  Second, Petitioner claims that not all of his requested witnesses were interviewed.  He adds that witnesses not giving statements were supposed to sign forms noting "no statement" and that no witnesses were called at the hearing due to "management restraints."  (Id. at

7.) According to Petitioner, some of the missing witnesses were important to his case. (Id.) Finally, Petitioner alleges that he did not receive adequate advance written notice of his charge. This defect "forced [him] to appear at the disciplinary hearing uninformed and unprepared." (Id. at 9.) Despite setting out three separate claims in the Petition, all of Petitioner's allegations involve arguments that he did not receive proper procedural due process in connection with the disciplinary action. Further, all of the claims have a common goal, i.e., Petitioner asks that the Court "[i]nstruct the State to dismiss the [disciplinary] charge and restore lost gain time credit." (Id. at 15.)

### **Pending Motions**

Following the filing of the Petition, Respondent moved for summary judgment on Petitioner's claims. (Docket Entry 5.) He noted that Petitioner did not properly exhaust his state court remedies. Although Respondent did not waive the non-exhaustion of Petitioner's claims, he asked the Court to deny the claims on their merits in any event under 28 U.S.C. § 2254(b)(2) "in order to put an end to this litigation." (Docket Entry 6 at 7-8.) Petitioner initially requested, and received, additional time in which to respond to the summary judgment motion. However, instead of filing a response, he filed a motion seeking dismissal of the Petition, in which he stated that he did not realize he had failed to exhaust his state remedies and that he wished to "pursue this matter in other venues." (Docket No. 13 at 2.) Petitioner also acknowledged certain precedent cited by Respondent, stating that he was

preparing a challenge for filing in the United States Court of Appeals for the Fourth Circuit, which, if successful, would overcome Respondent's cases and argument. (Id.)

Petitioner next filed four more motions: a Motion to Withdraw Petitioner's Motion to Dismiss (Docket Entry 15), a Request for a Preliminary Injunction (Docket Entry 16), a Motion for Discovery (Docket Entry 17), and a Motion to Amend Previous Claims (Docket Entry 18). Petitioner does not explain why he wants to withdraw his earlier Motion to Dismiss. The other three motions all relate to a new claim which Petitioner seeks to pursue. Specifically, he contends that the North Carolina Department of Correction now collects a $10.00 fee for disciplinary infractions, that this fee violates the North Carolina Constitution and statutory law, and that its implementation occurred "without proper authority or legal process." (Docket Entry 16 at 1.) Petitioner seeks an injunction to stop the collection of this fee, discovery concerning the implementation or enactment of the fee, and amendment of his Petition to add a claim challenging the fee.

Having reviewed the submissions of the parties, the Court concludes that the interests of judicial economy warrant resolution of Respondent's Motion for Summary Judgment. As a result, the Court will grant Petitioner's Motion to Withdraw [his] Motion to Dismiss. As set forth below, Petitioner's claims are either not cognizable under § 2254 or moot. Under these circumstances, a decision that permitted Petitioner to pursue his claims in state court and then return here with claims that cannot succeed would

only waste judicial resources. The same analysis applies to Petitioner's plan to take his case directly to the Fourth Circuit. He cannot go to that court unless this Court first rules on his claims.

For all of these reasons, the Court will address Respondent's Motion for Summary Judgment.

## **Discussion**

As an initial matter, the Court notes that Petitioner does not seek relief as to most of the punishments imposed as a result of his disciplinary hearing. Instead, he seeks only to have the disciplinary conviction wiped off his record and his good time credits restored. A challenge regarding revocation of good time credits normally will support a federal habeas claim because it addresses the duration of a petitioner's sentence. Preiser v. Rodriquez, 411 U.S. 475, 500 (1973). However, in the context of the present case, Petitioner cannot proceed under § 2254.

Petitioner is serving a Class A life sentence under North Carolina's structured sentencing laws; as a result, he has no possibility of release based on the accumulation of good time credits. See N.C. Gen. Stat. § 15A-2002(b). Accordingly, the loss of the good time credits cannot affect the fact or the duration of Petitioner's sentence. Therefore, his habeas claim as to those credits cannot proceed. See Hayes v. Quarterman, Civil Action No. H-08-2501, 2009 WL 2044652 (S.D. Tex. July 7, 2009) (unpublished); Johnson-El v. Cooper, et al., No. 3:09CV102-1-MU, 2009 WL 1872258 (W.D.N.C. June 29, 2009) (unpublished), appeal dismissed, 333 Fed.

Appx. 764 (4th Cir. 2009), cert. denied, 130 S.Ct. 3334 (2010); Batie v. Florida Dep't of Corr., No. 1:06CV00062-MP-AK, 2009 WL 1490683 (N.D. Fla. May 22, 2009) (unpublished).[1] The Court, therefore, will grant Respondent's summary judgment motion and will deny the Petition.

The denial of the Petition leaves only the matter of Petitioner's attempt to add a claim based on disciplinary fees. Those fees do not affect the fact or the length of custody, the key circumstances that trigger jurisdiction under § 2254 (as identified by the Supreme Court in Preiser). After Preiser, the United States Court of Appeals for the Seventh Circuit adopted "the following generalization":

> If the prisoner is seeking what can fairly be described as a quantum change in the level of custody - whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation - then habeas corpus is his remedy. But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law, even if, as will usually be the case, the program or location or environment that he is challenging is more restrictive than the alternative that he seeks.

Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991) (emphasis added). Accord Streeter v. Hopper, 618 F.2d 1178, 1181 (5th Cir.

---

[1] Even if Petitioner's claims regarding his good time credits were cognizable as habeas claims, they would still fail. The lack of the Court's ability to provide him with any meaningful remedy would render the matter moot. See generally Leonard v. Hammond, 804 F.2d 838 (4th Cir. 1986). Petitioner has not shown that he has anything to gain from the restoration of his good time credits or the overturning of his disciplinary conviction. He can never be released for good behavior. The Petition is subject to dismissal for this additional reason.

1980) ("Plaintiffs' original complaint, seeking release from the imposition of administrative segregation without due process, would be appropriately treated as a habeas corpus petition . . . ."). The Fourth Circuit has cited with approval the Seventh Circuit's "quantum change in the level of custody" language. See Plyler v. Moore, 129 F.3d 728, 733 (4th Cir. 1997).

In light of the foregoing standard, Petitioner cannot raise a claim based on the disciplinary hearing fees in a habeas petition. The fees about which Petitioner complains do not create a "quantum change" in custody. Accordingly, they constitute routine conditions of confinement which do not fall within the province of habeas law, and any attempt to amend the Petition to include a claim based on the fees would be futile.[2] In the absence of any viable claim regarding the fees, the Court has no authority to grant an injunction preventing the collection of the fees or to permit any discovery on the matter. The Court, therefore, will deny Petitioner's Request for a Temporary Injunction, his Motion for Discovery, and his Motion to Amend Previous Claims.

---

[2] For amendments of an original pleading, the same procedural rules apply in both the general civil and § 2254 contexts: "[28 U.S.C.] § 2242 specifically provides that habeas applications 'may be amended . . . as provided in the rules of procedure applicable to civil actions.'" Mayle v. Felix, 545 U.S. 644, 654-55 (2005). Under those rules, "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this standard, the Supreme Court has held that reasons to deny leave to amend include "futility of amendment," Foman v. Davis, 371 U.S. 178, 182 (1962).

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Withdraw Petitioner's Motion to Dismiss (Docket Entry 15) is **Granted**, that Petitioner's Motion to Dismiss (Docket Entry 13) is **Withdrawn**, that Petitioner's Request for a Temporary Injunction (Docket Entry 16), Motion for Discovery (Docket Entry 17), and Motion to Amend Previous Claims (Docket Entry 18) are **Denied**, that Respondent's Motion for Summary Judgment (Docket Entry 5) is **Granted**, that the Habeas Petition (Docket Entry 1) is **Denied**, and that this action is **Dismissed.**

                                      /s/ L. Patrick Auld
                                        **L. Patrick Auld**
                            **United States Magistrate Judge**

September 29, 2010